SIGNED THIS: May 10, 2013

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERIC ZEEDYK and | ) | Bankruptcy Case No. 12-90886 |
| AMANDA ZEEDYK, | ) | |
| | ) | |
| Debtors. | ) | |
| | | |
| IRMA MARTINEZ and | ) | |
| JESUS ESQUEBEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 12-9053 |
| | ) | |
| ERIC ZEEDYK, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for trial on a Complaint filed by Plaintiffs, Irma Martinez and Jesus Esquebel, the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1. On October 10, 2009, the Plaintiffs and the Debtor/Defendant entered into a Lease Agreement for real estate located at 533 S. Lincoln, Kankakee, Illinois. The term of the lease was from October 10, 2009, until October 1, 2012, with the Plaintiffs taking possession of the real estate on October 10, 2009.

2. The Lease Agreement between the parties indicated that rent would be paid for the subject premises at the rate of $840 per month.

3. In addition to the $840 rental payment, the Lease Agreement also provided that the Plaintiffs would pay some $20,000 to the Debtor/Defendant toward the purchase of the subject real estate, with a total purchase price of $95,000. The undisputed facts indicate that the $20,000 down payment was, in fact, made by the Plaintiffs, and that the Plaintiffs began paying the $840 per month payment per the Lease Agreement, which was admitted into evidence as Joint Exhibit C.

4. In addition to the Lease Agreement (Joint Exhibit C), the parties also agreed to admit into evidence Joint Exhibit D, which was a Memorandum of Agreement for Purchase of Real Estate which was filed of record in the Recorder's Office of Kankakee County, Illinois, on May 13, 2010, reflecting the terms of the Lease Agreement (Joint Exhibit C) previously entered into between the parties.

5. The Lease Agreement between the parties (Joint Exhibit C) is silent as to the payment of real estate taxes on the subject real estate during the term of the agreement and is also silent as to any requirement of the Debtor/Defendant concerning disposition of the funds received from the Plaintiffs under the Lease Agreement.

6. The undisputed evidence indicates that the Plaintiffs made timely payments under the Lease Agreement through 2009 and 2010. In 2011, the Plaintiffs became aware that there was

a mortgage against the subject real estate in favor of the State Bank of Herscher and against the Debtor/Defendant, Eric Zeedyk. Payments under this mortgage were in default, as were payments for the real estate taxes on the subject real estate. As a result of the defaults, State Bank of Herscher began foreclosure proceedings and the Plaintiffs ceased making payments to the Debtor/Defendant.

7. To date, the Plaintiffs remain in possession of the subject real estate, and they are attempting to purchase the subject real estate from the State Bank of Herscher.

8. The Debtor/Defendant, Eric Zeedyk, filed for relief under Chapter 7 of the Bankruptcy Code on May 30, 2012, indicating an intent to surrender the subject real estate to the mortgagor, State Bank of Herscher.

9. The Plaintiffs filed the instant adversary Complaint on September 8, 2012, seeking to have the sum of $38,000, which was paid to the Debtor/Defendant under the Lease Agreement (Joint Exhibit C) and the Memorandum of Agreement for Purchase of Real Estate (Joint Exhibit D), declared non-dischargeable in bankruptcy pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).

## Conclusions of Law

The issues in this matter are governed by 11 U.S.C. § 523(a)(2)(A), which states:

> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by -
>
>       (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Section 523(a)(2)(A) lists three separate grounds for non-dischargeability: actual fraud, false pretenses, and false representation. Despite the recitation of three independent grounds, Courts have historically applied a single, unified test to proceedings under this section, containing the following elements: (1) the debtor made a representation to the creditor; (2) the debtor's

3

representation was false; (3) the debtor possessed scienter, i.e. an attempt to deceive; (4) the creditor relied on the debtor's misrepresentation resulting in a loss to the creditor; and (5) the creditor's reliance was justifiable. Field v. Mans, 516 U.S. 59, 116 S.Ct. 437 (1995). The Plaintiff bears the burden of proof on all elements under 11 U.S.C. § 523(a)(2)(A) by a preponderance of the evidence. Grogan v. Garner, 111 S.Ct. 654 (1991). To further the policy providing a debtor a fresh start in bankruptcy, exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor. Meyer v. Rigdon, 36 F.3d 1375 (7th Cir. 1994).

The Court finds that both the Plaintiffs and the Debtor/Defendant were credible witnesses. There was no significant dispute between the parties as to the facts surrounding the transaction at issue in this matter. In considering the undisputed facts under the elements of 11 U.S.C. § 523(a)(2)(A), the Court must conclude that the Plaintiffs have failed to meet their burden of proof as to any of the enumerated elements.

In examining the facts as presented to the Court, it is clear that both the Plaintiffs and the Debtor/Defendant were hopeful and optimistic that the transaction which they entered into would be successful. The Court cannot find, by a preponderance of the evidence, that the Debtor/Defendant had an intent to deceive the Plaintiffs. The brief testimony offered in this matter suggests that the Debtor/Defendant entered into the Lease Agreement and Memorandum of Agreement for Purchase of Real Estate in good faith. Intervening factors, including the dissolution of the Debtor/Defendant's marriage, rendered his financial situation untenable and his efforts to sell his real estate holdings to a third party were not successful. The Court is convinced that the Debtor/Defendant did all he could to live up to the terms of his bargain.

In addition to finding that there was no intent to deceive on the part of the Debtor/Defendant, the Court notes that, even if an intent to deceive had been found in this matter, the Court is without sufficient evidence to establish the proper amount of damages due to the Plaintiffs. While the Court is able to calculate the amount of money paid from the Plaintiffs to

the Debtor/Defendant, it has no evidence upon which to determine the reasonable rental value of the subject real estate, which would necessarily have to be deducted from the total sum paid in order to arrive at a valid damage award. As such, the Court concludes that judgment should be entered in favor of the Debtor/Defendant as to the issue of dischargeability of the subject debt under the provisions of 11 U.S.C. § 523(a)(2)(A).

###